**Qemal XHARO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4006–ag.**

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

Parker Waggaman, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Qemal Xharo, a native and citizen of Albania, seeks review of a July 1,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

2004 order of the BIA affirming the April 3, 2003 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qemal Xharo,* No. A 79 206 053 (B.I.A. July 1, 2004), *aff'g* No. A 79 206 053 (Immig. Ct. N.Y. City Apr. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004).

We lack jurisdiction to review petitioner's arguments that the IJ did not conduct a fair hearing and his challenge to the adverse credibility finding because these arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments).

Furthermore, because the petitioner has failed to sufficiently argue withholding and CAT before this Court, we deem any such arguments waived. See *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, we lack jurisdiction to review these arguments because they have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill,* 420 F.3d at 86.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).